Gilbert H. King, J.
Plaintiff moves for an order granting partial summary judgment adjudging that the sum of $369,185.45 is a trust fund in the hands of Benderson Development Co., Inc., and Nathan Benderson, all for the benefit of the statutory beneficiaries of the contract moneys arising out of the contract set forth in the title of this action; that said order further direct the payment into court of the said sum, respectively, to the credit of this action, or, in the alternative, that said defendants and each of them, respectively, furnish adequate security, to be approved by this court, for the payment of such sums to such persons as the court may later direct; and that the court by its order direct the giving of all proper and adequate notice to all beneficiaries described in section 73 of the Lien Law with respect to the presentation and proof of their respective claims.
Plaintiff claims that on or about September 28, 1964, the defendant Schwab Bros. Trucking, Inc., entered into a contract with the State of New York for the construction of Kensington Expressway, Arterial Highway under Contract FAC 64-19 and that on or about the 16th day of October, 1964, Schwab Bros. Trucking, Inc., assigned all funds it was to receive from the State of New York under the contract to Benderson Development Co., Inc., that thereafter, pursuant to the assignment, the defendant Benderson Development Co., Inc., received from the State the sum of $369,185.45; that Nathan Benderson was the officer of Benderson Development Co., Inc., who was in charge of the receipt and disbursement of the checks received from the State under the assignment of funds.
The consideration for the assignment of funds were loans from Benderson Development Co., Inc., to Schwab Bros. Trucking, Inc., in the total amount of $1,369,185.45. It is not disputed that the assignment of funds was duly and properly filed with the Comptroller of the State of New York.
The defendant Benderson Development Co., Inc., also entered into an agreement dated October 16, 1964, with Glens Falls Insurance Company, in which agreement Benderson Development Co., Inc., was denominated ‘ ‘ Lender ’ ’ and Glens Falls *397 Insurance Company, “Surety”. The agreement recited the giving of a performance bond by Glens Falls to the State on behalf of Schwab Bros. Trucking, Inc., and the assignment of funds to Glens Falls by Schwab Bros. Trucking, Inc., denominated “Contractor”, and that the Lender “has and will advance funds to Contractor ’ ’ and that the ‘ ‘ Contractor ’ ’ had assigned the contract funds to the “ Lender ” as security fox the loans. The agreement then recited the subordination of the Glens Falls assignment to the Benderson assignment.
The defendants Benderson oppose this motion claiming that the “Agreement” between Benderson and Glens Falls was a “ Notice of Lending ” and that it was duly and properly filed with the State of New York.
Whether or not the ‘ ‘ Agreement ’ ’ was filed with the State is in dispute. Defendant furnished an affidavit of one Abraham Kxanker under date of May 22, 1967, in which he recites that on October 19, 1964, he personally delivered copies of the assignment of funds and the agreement to the Department of Audit and Control at Albany. The plaintiff, on the other hand, has submitted a letter from the Department of Audit and Control stating that it has no agreement on file between Benderson Development Co., Inc., and Glens Falls Insurance Company.
Even if the “Agreement” was filed with the proper State agency, it did not conform to the requirements of subdivision 3 of section 73 of the Lien Law. It was deficient in the following respects: (1) It was not entitled “ Notice of Lending”. (2) It did not state the date of “ any advance made on or before the date of filing for which the notice ” was intended to be effective. (3) It did not state “ the maximum amount of advances made and to be made pursuant to the notice.” The court holds that the “Agreement” between Benderson Development Co., Inc., and Glens Falls Insurance Company dated October 16, 1964, was not a “ Notice of Lending ” and, therefore, the defendants Benderson are not entitled to the protection afforded a lender who complies with section 73 of the Lien Law.
The exhibits attached to the moving papers support the plaintiff’s claims as to the amounts received and disbursed by the defendants Benderson Development Co., Inc. The examination before trial of the defendant Nathan Benderson clearly shows not only that Benderson was not aware of the use made of the “ trust ” funds by Schwab Bros. Trucking Co., Inc., after indorsement of the cheeks to it, but also in several instances the funds were applied by Benderson to uses not within the scope of the “ trust ” uses defined in section 70 of the Lien Law or for the trust beneficiaries as described in section 71.
*398 The funds in the amount of $369,185.45 are determined to be trust funds under article 3-A of the Lien Law. The questions of the amount of the claims of the various beneficiaries of the trust and the proration thereof if that be necessary are to be determined after judgment and upon the presentation and proof of the claims and trust accounting.
The plaintiff is directed to give written notice to all contractors, .subcontractors, laborers, materialmen and other trust beneficiaries specified in section 71 of the Lien Law with respect to the contract set forth in the complaint, to present their claims with proof thereof, specifying in said notice the time and place for the presentation thereof, which time of presentation shall be at least 10 days and not more than 20 days after the giving of such notice. The hearing before the court on said claims and proof .shall be had within 30 days after the final date for presentation of said claims.
The defendants Benderson Development Co., Inc., and Nathan Benderson are declared to be trustees of the diverted trust funds and are directed to file an accounting of the said trust funds with the Clerk of this court within 15 days after the final date for presentation of claims. A copy of the accounting with notice of filing shall be furnished forthwith to the attorneys for the plaintiff, and upon receipt thereof, the attorneys for the plaintiff shall send a copy of said accounting to all trust beneficiaries. The notice of filing of the account shall set forth a time for the approval of the accounting by this court, which time shall be not less than 10 days or more than 20 days after the filing and furnishing of a copy thereof to the plaintiff’s attorney.
The defendants Benderson Development Co., Inc., and Nathan Benderson are directed to pay the sum of $369,185.45 into court, or, in the alternative, furnish a bond for a like amount to be approved as to form and sufficiency of surety by this court.